STATE OF CONNECTICUT *v.* ALVIN REMETTA

REVIEW DIVISION OF THE SUPERIOR COURT

Decided March 15, 1961

*Alvin Remetta,* the defendant, pro se.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty-eight, pleaded guilty to one count of indecent assault and to two counts of breaking and entering. He was sentenced on each count to the state prison for not less than one nor more than four years, all sentences to run concurrently. The penalty provided for indecent assault is imprisonment for not more than ten years, and for breaking and entering, not more than four years.

The defendant and two juvenile boys, ages thirteen and fourteen, were arrested on July 27, 1960, by the Bridgeport police after two business establishments were broken into and cash of about $30 taken therefrom. He acted as a lookout while one of the boys went inside. Also, on July 23, 1960, these two boys were in his room in a hotel on Golden Hill Street, and while there, the defendant performed an indecent assault on one of them, the fourteen-year-old boy.

The defendant has the following record:

October 8, 1949—Stratford—theft—suspended sentence.

May 1, 1951—Bridgeport—breach of peace, theft —Connecticut reformatory, indefinite.

December 14, 1953—Stratford—theft of plates— nolled.

July 2, 1954—Bridgeport—loitering—judgment suspended.

July 14, 1954—Bridgeport—vagrancy—nolled.

October 4, 1954—Bridgeport—no license—fined.

October 12, 1954—Bridgeport—no license, violation of rules of road—fined.

November 1, 1954—Bridgeport–no license–fined.

February 15, 1955—Bridgeport–no license–fined.

January 16, 1956—Fairfield—no license—sixty-five days.

April 7, 1956—Bridgeport—theft—six months, suspended; probation, six months.

June 17, 1956—Bridgeport—theft—thirty days in jail.

February 15, 1959—Bridgeport—breach of peace —sixty days in jail.

September 17, 1959—Bridgeport—possession of burglar tools—sixty days in jail.

November 29, 1959—Bridgeport—trespassing— thirty days in jail.

Considering his past record and the nature of the offenses, the sentences imposed upon him were most fair and just. If anything, the minimum sentence on the indecent assault count might well have been more than one year. The sentences must stand.

Shapiro, Covello and Healey, Js., participated in this decision.